**Appeal No. 22-30179**

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

UNITED STATES OF AMERICA
*Plaintiff-Appellant*,

V.

PAIGE THOMPSON
*Defendant-Appellee*.

_____

On Appeal from the United States District Court for the Western District of Washington,
Case No. 2:19-cr-00159-RSL

_____

**MOTION OF THE CENTER FOR CYBERSECURITY POLICY AND LAW FOR LEAVE TO FILE BRIEF AMICUS CURIAE**

_____

Tyler G. Welti, CA Bar # 257993, tgwelti@venable.com
**VENABLE LLP**
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755
tgwelti@venable.com

Matthew D. Field, mfield@venable.com
Harley L. Geiger, hlgeiger@venable.com
**VENABLE LLP**

600 Massachusetts Ave. NW
Washington, DC, 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

*Attorneys for Amicus Curiae the Center for Cybersecurity Policy and Law*

The Center for Cybersecurity Policy and Law (the "Center") moves for leave to file the attached amicus brief supporting the Plaintiff-Appellant's appeal.

I. **INTRODUCTION**

The Center moves to submit this attached amicus brief in support of the Plaintiff-Appellant to inform the Court of the risks of conflating harmful criminal activity with good-faith security research, or the perception thereof. The Center's purpose is not to specify an appropriate sentence or opine on the Court's interpretation of the law, but to encourage the Court to clarify that the Defendant's actions were not good-faith security research and that the District Court did not rely on any such claims during sentencing.

Pursuant to Rule 29(a) of the Federal Rules of Appellate Procedure, counsel for the Center certifies that they requested consent from Plaintiff-Appellants and Defendant-Appellee regarding the motion. Counsel for amicus contacted counsel for Plaintiff via email and conferred by telephone; counsel for Plaintiff consented. Counsel for amicus contacted counsel for Defendant via email; counsel for Defendant did not consent.

Accordingly, the Center moves for leave to file an amicus brief, which this Court has broad discretion to grant. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

## II. IDENTITY AND INTERESTS OF AMICUS

The Center for Cybersecurity Policy and Law (the "Center") is a nonprofit organization that develops, advances, and promotes best practices and educational opportunities among cybersecurity professionals. The Center is a vocal and leading advocate in protecting good-faith security research and distinguishing good-faith security research from malicious hacking.

## III. REASONS WHY AN AMICUS BRIEF IS DESIRABLE

It is critical for legal frameworks to maintain the distinction between good-faith security research and harmful criminal activities. The Center is interested in this proceeding because a perception that the sentencing at issue was based on the Defense's arguments in the District Court that the charged conduct was good-faith security research risks eroding the distinction between good-faith security research and harmful criminal activity. Addressing this distinction is needed to ensure ethical research is not conflated with actions like the Defendant's and thus prevent undermining trust between the security, business, and policy communities.

The Center respectfully submits this brief in support of Plaintiff's appeal to provide additional context regarding the perception that the Defendant's actions were good-faith security research and that this view played a role in sentencing. Although the jury verdict below recognized that the Defendant was not engaged in good-faith security research, the District Court's sentencing decision risks blurring

2

these lines. Specifically, the District Court's decision could create the impression that Defendant's activity was similar in kind to good-faith security research, particularly in light of the Defense's raising such claims during trial.[1]

Accordingly, the Center seeks to submit the attached amicus brief to clarify the difference between Defendant's conduct and good-faith security research, so that the Court, in evaluating the government's claims, can better understand the importance of this distinction and the need to deter the former while promoting the latter.

Accordingly, the Center requests leave to file the Center's attached amicus curiae brief.

Dated this 18th day of September, 2023.

/s/ Tyler Welti
Tyler G. Welti, CA Bar # 257993
Matthew D. Field
Harley L. Geiger
**VENABLE LLP**

*Attorneys for Amicus Curiae the Center for Cybersecurity Policy and Law*

---

[1] *See, e.g.*, Def.'s Mtn. to Dismiss CFAA Counts, 10-11 (Dkt. 123) (arguing that Defendant used "the *very same*" techniques as a "white hat hacker" and that her prosecution is arbitrary (emphasis in original)); Trial Tr. vol. 7, 63-65, 96-97, Jun. 15, 2022; *see also* Kate Conger, *Fraud and Identity Theft Trial to Test American Anti-Hacking Law*, The New York Times, (Jun. 8, 2022), https://www.nytimes.com/2022/06/08/technology/capital-one-hacker-trial.html.

3